Atenafu Abeyu ABAYU, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–70982.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Martha E. Garza, Bellaire, TX, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

R.App. Petr. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Atenafu Abeyu Abayu, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the inconsistency between Abayu's testimony and documentary evidence regarding his ethnic identity and membership in the Eritrean social group, goes to the heart of his claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Moreover, the record does not compel reversal of the IJ's demeanor finding based on Abayu's failure to convey any subjective sense of fear, and on his nonresponsiveness. *See Singh–Kaur*, 183 F.3d at 1151 (9th Cir.1999) (demeanor-based adverse credibility determinations are entitled to "special deference"). Accordingly, Abayu's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Substantial evidence also supports the IJ's denial of Abayu's CAT claim because this claim is based on the same statements that the IJ found to be not credible, and Abayu points to no other evidence he claims the agency should have considered

in making its CAT determination. *See id.* at 1157.

Lastly, we lack jurisdiction to review Abayu's contention regarding firm resettlement because it was not raised to the BIA. *See Abebe v. Mukasey*, 548 F.3d 787, 2008 WL 4937003, at *2 (9th Cir.2008) (en banc); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. Therefore, the request for oral argument is denied.

